IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jamie Edward Byrd, | ) | C/A No.: 1:11-1193-MBS-SVH |
|        Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| D. Drew, | ) | |
|        Respondent. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 related to a disciplinary conviction. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

According to the petition, Petitioner ordered a magazine from an outside company and it was delivered to the prison and was given to Petitioner from the mail room. [Entry #1 at 5]. Petitioner alleges he asked another inmate to hold the magazine for him. *Id.* On November 22, 2010, the magazine was confiscated and Petitioner was given a disciplinary report for having participated in a "value exchange" with another inmate. *Id.* Petitioner claims that nothing of value was exchanged and that his disciplinary conviction "was based on false claim." *Id.* The disciplinary conviction "caused [Petitioner] a hold

for transfer by stopping [his] clear conduct programs." *Id*. Attachments to Petitioner's pleading indicate that Petitioner also lost commissary privileges for fifteen days. [Entry #1-1]. Petitioner, who claims exhaustion of all administrative remedies, asks the court to expunge his disciplinary record. [Entry #1 at 7–9].

II.     Discussion

    A.    Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The

mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Moreover, a petition for habeas corpus under § 2241 is the proper method to challenge the execution of a federal sentence. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)). In this case, Petitioner is not challenging the legality or duration of his custody. Instead, Petitioner complains that his prison disciplinary conviction, which resulted in the loss of commissary privileges and a transfer delay, was allegedly based on a "false claim." Thus, Petitioner claims that he was denied due process in his disciplinary proceedings.

Inmates retain rights under the Due Process Clause, "subject to the restrictions imposed by the nature of the regime to which they have been lawfully committed." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, a due process claim is only cognizable when a recognized liberty interest is at stake. *Board of Regents v. Roth*, 408 U.S. 564, 569–570 (1972). Liberty interests protected by the Due Process Clause are

3

generally limited to freedom from restraint which imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Constitution itself does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system." *See Meachum v. Fano*, 427 U.S. 215, 225(1976). Nor do prisoners have a protected liberty interest in being transferred between prisons in the federal system. *See Burke v. Romine*, No. 01-2569, 2003 WL 23173709 at **4 (3rd Cir. Dec 2, 2003) (transfer of prisoner from one location to another within the federal prison system did not implicate a liberty interest within the meaning of the due process clause). Prisoners also have no protected liberty interest in any commissary privileges lost as a result of a disciplinary conviction. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Pierre v.Ozmint*, C/A No. 3:09-226-CMC-JRM, 2010 WL 679946 at *7 (D.S.C. Feb. 24, 2010) (stating that canteen access is not a protected liberty interest).

The instant petition fails to demonstrate that Petitioner's disciplinary conviction enhanced his sentence in such a way as to implicate a protected liberty interest and give rise to the protection of the Due Process Clause by its own force. *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir.1997). Nor does Petitioner demonstrate that his delayed transfer or loss of commissary privileges imposed an  atypical and significant hardship. Thus, Petitioner fails to state a cognizable claim under 28 U.S.C. § 2241.

III.     Conclusion

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without issuance and service of process upon the Respondent.

IT IS SO RECOMMENDED.

*[Signature]*

September 7, 2011                                                    Shiva V. Hodges
Florence, South Carolina                                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**